IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANNIE WEBB, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00429-O-BP |
| | § | |
| RPM LIVING, *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court are the Motion to Dismiss (ECF No. 80) that City of Fort Worth ("the City") filed on January 12, 2026, the Motion to Dismiss (ECF No. 84) that Villas by the Park ("Villas") filed on January 29, 2026, the Amended Motion to Dismiss (ECF No. 85) that RPM Living ("RPM") filed on January 29, 2026, and the Responses (ECF Nos. 88, 96, 98) that *pro se* Plaintiff Annie Webb filed on February 2 and 19, 2026, respectively. Based upon a full review of the relevant pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Motions (ECF Nos. 80, 84, 85) and **DISMISS** Webb's claims against these Defendants.

## I.      BACKGROUND

Webb's Amended Complaint alleges she is an individual with disabilities including spinal and disc degeneration, fibromyalgia, and neuropathy, which substantially limit several major life activities. ECF No. 78 at 1. She alleges after she filed a discrimination complaint against RPM, the City denied her due process and the ability to appeal because of her disability, in violation of the Americans with Disabilities Act ("ADA"). *Id.* She contends the Defendants did not provide her with reasonable accommodations, which "constitute[s] discrimination." *Id.* at 1-2. She also

alleges Defendants repeatedly retaliated against her for exercising her protected rights under the Fair Housing Act ("FHA") and ADA through charging relocation fees, compelling her to dissolve her lease, and ignoring essential maintenance requests she made. *Id.* at 2-4.

Webb sues for compensatory damages for physical injuries, emotional distress, and economic losses of $1,000,000.00 per defendant, declaratory judgment that the Defendants violated the ADA and FHA, injunctive relief, "termination of relationship with Housing Authority without penalty," and attorney fees and costs. *Id.* at 5.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(6) standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise*, *LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

2

**B.** *Pro se* **standard**

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle*, 429 U.S. at 106. However, "even a liberally-construed *pro se . . .* complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024) (citing *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017)).

**C.    Title II of the ADA**

"Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity. . . .'" *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) (emphasis added) (citing 42 U.S.C. § 12132). "Title II imposes an 'obligation to accommodate,' or a 'reasonable modification requirement.'" *Frame v. City of Arlington*, 657 F.3d 215, 231 (5th Cir. 2011) (citing *Tennessee v. Lane*, 541 U.S. 509, 532-33 (2004)).

To state an ADA claim under Title II, a plaintiff must show she is "(1) a qualified individual [under] the ADA; (2) [she] is being excluded from participation in, [] being denied benefits of services . . . or is otherwise being discriminated against by a public entity; and (3) that such

3

exclusion, denial of benefits, or discrimination is by reason of [her] disability." *Martinez v. City of N. Richland Hills*, 846 F. App'x. 238, 245 (5th Cir. 2021).

### D.      FHA

Under § 3617 of the FHA, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of [her] having exercised or enjoyed, or on account of [her] having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606" of the FHA. 42 U.S.C. § 3617. "To state a claim for retaliation, a plaintiff must demonstrate that (1) [s]he engaged in an activity that [the FHA] protects; (2) [s]he was subjected to an adverse [action by the defendant]; and (3) a causal connection exists between the protected activity and the adverse . . . action." *Chavez v. Aber*, 122 F. Supp. 3d 581, 599 (W.D. Tex. 2015) (cleaned up).

"Protected activities [under the FHA] include the request for a reasonable accommodation for handicapped persons." *Id.* at 599-600 (citations omitted). And "close temporal proximity between [a] request for the accommodation and Defendants' retaliatory behavior is sufficient to state that a causal connection exists between the protected activity and the adverse action." *Chavez*, 122 F. Supp. 3d at 600.

### E.      Dismissal with or without leave to amend

It is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The decision to allow amendment of the pleadings is within the sound discretion of the Court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the Court considers: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178,

182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). "At some point, a court must decide that a plaintiff has had fair opportunity to make [his] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563 (5th Cir. 2003).

### III.   ANALYSIS

#### A.   The Court should dismiss Webb's ADA claims.

For element one of a Title II ADA claim, Webb alleges she is a qualified individual under the ADA because her conditions substantially limit several major life activities. ECF No. 78 at 1. As to the second element, Webb concludes Defendants discriminated against her. *Id.* at 1-4. However, she does not provide sufficient facts to show how she was "excluded from participation in, [] denied benefits of services . . . or [] otherwise [] discriminated against by a public entity." *Martinez*, 846 F. App'x. at 245. Her allegation of discrimination is nothing more than an unsupported conclusion that is unavailing under the Rule 12(b)(6) standard, even when the Court accepts her well-pleaded allegations as true.

Finally, under the third element, Webb does not explain how the "exclusion, denial of benefits, or discrimination is by reason of [her] disability." *Id.* While she argues the discrimination was "due to" her disability, she provides no factual support for this contention. "The fact that [Webb] alleges a disability and that she was denied benefits does not necessarily mean that her disability was the *reason* she was denied benefits." *Martinez*, 846 F. App'x. at 245-46 (emphasis original). As a result, the Court should dismiss Webb's ADA claims because Webb has not stated a viable claim for relief.

**B.      The Court should dismiss Webb's FHA claims.**

Webb claims she engaged in a protected activity by requesting accommodations relating to a parking space in front of her building. ECF No. 78 at 2. She alleges RPM violated the FHA by pressuring her to vacate within thirty days and pressuring her to sign a lease dissolution. *Id.* Further, she alleges she engaged in a protected activity by filing a fair housing complaint. *Id.* at 3. She asserts Villas retaliated against her by ignoring maintenance requests and charging her relocation fees. *Id.* at 3-4. Finally, she claims she also engaged in a protected activity by requesting relocation as a reasonable accommodation. *Id.* at 4. She contends the City retaliated against her through pressuring her to dissolve her lease and threatened voucher termination and homelessness if she refused. *Id.*

The Court accepts all of Webb's "well-pleaded facts as true and view them in the light most favorable to [her]." *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)). However, Webb's bare bones allegations provide sparse factual details regarding whether she engaged in an FHA protected activity or was subjected to an adverse action. While she claims in her Response (ECF No. 98) that she establishes all three elements including causation, she provides no factual basis for her an assertion. She provides no legal support for the contention that the FHA protected her activities or that the Defendants' actions were adverse. And while she asserts that a causal connection exists through temporal proximity, she does not provide a timeline of the relevant actions to substantiate her assertion. *See Chavez*, 122 F. Supp. 3d at 600 (finding the plaintiff had sufficiently pleaded a causal connection to survive a 12(b)(6) motion to dismiss because she showed her protected activity took place on September 14, 2012, and retaliation occurred on September 14 and 24, 2012.).

6

Instead, Webb states in conclusory fashion that Defendants retaliated against her in violation of the FHA with scant factual allegations to support her claim. This by itself is insufficient to satisfy Rule 12(b)(6). Even taking her allegations as true and viewing them in the light most favorable to her, Webb does not state a plausible claim for relief for retaliation under § 3617 of the FHA to allow the Court to infer Defendants are liable for the misconduct alleged. *Yumilicious Franchise, LLC*, 819 F.3d at 174. Therefore, the Court should dismiss Webb's FHA claims.

### C.      Dismissal without leave to amend

Webb does not plead any plausible basis upon which she is entitled to relief, despite having multiple opportunities to do so. Webb already has filed her Complaint, Amended Complaint, and Responses to the pending Motions to Dismiss. ECF Nos. 1, 78, 88, 96, 98. In addition, previous Motions to Dismiss (ECF Nos. 18, 20, 33) identified similar deficiencies in Webb's original Complaint. The Court rendered those Motions moot when Webb filed her Amended Complaint (ECF No. 78). *See* ECF No. 82. Webb had an opportunity in her Amended Complaint (ECF No. 78) to correct the deficiencies those Motions identified. Nevertheless, Webb still has not stated a right to relief beyond the speculative level. The Court concludes that Webb has pleaded her best case and that further amendment of the Amended Complaint to address the deficiencies noted above would be futile. Therefore, the Court should dismiss Webb's Amended Complaint without leave to amend.

## IV.      CONCLUSION

Because Webb has not pleaded a plausible factual basis for her FHA and ADA claims, and further amendment of her Amended Complaint to cure these defects would be futile, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** the Motions to Dismiss (ECF

Nos. 80, 84, 85) and **DISMISS** Webb's claims against these Defendants without leave to amend her Amended Complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass*, 79 F.3d at 1417, modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on March 19, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE